Adams *v.* Bullock.

---

## Adams *v.* Bullock.

[No. 3,439.   Filed April 3, 1901.]

Appeal and Error.—*Sufficiency of Evidence.—Malicious Prosecution.*—A finding for plaintiff in an action for malicious prosecution in which defendant was the prosecuting witness is sustained by evidence that defendant commenced a prosecution against plaintiff for larceny, by an affidavit before a justice of the peace, that plaintiff was bound over, lodged in jail until he could give bond, and afterward indicted, tried, and acquitted, as the trial court could have found from the evidence that the prosecution was without probable cause and malicious.  *p. 478.*

Same.—*Objections to Reading Deposition.—Independent Assignment.—New Trial.*—Objections to the reading of a deposition in evidence cannot be made the subject of an independent assignment of error, but must be included in a motion for a new trial, since the alleged error occurred upon the trial.  *pp. 478, 479.*

From the Knox Circuit Court.  *Affirmed.*

*C. D. Hunt, W. A. Cullop* and *C. B. Kessinger,* for appellant.

*A. D. Leach, G. W. Buff, W. R. Nesbit* and *P. Stratton,* for appellee.

Wiley, J.—Suit by appellee against appellant to recover damages for malicious prosecution.  Answer in denial, trial by the court, finding and judgment for appellee.  Appellant's motion for a new trial was overruled.

By his assignment of error appellant seeks to present four questions for decision, to wit:  (1)  The sufficiency of the amended complaint; (2) the overruling of his motion for a new trial; (3) the action of the court in overruling appellant's objection to the reading of the deposition of a certain witness; (4) the action of the court in permitting the depo-

sition of the said witness to be read in evidence. These questions will be disposed of in their order.

The only objection urged to the amended complaint is that it was without caption and did not mention the name of the parties. This objection is obviated by a writ of *certiorari*, which has brought into the record the amended complaint in its entirety, and properly shows the parties plaintiff and defendant. The first, second, and third reasons for a new trial question the sufficiency of the evidence to support the finding and judgment, and may be considered together.

It is urged that the evidence does not disclose any malice on the part of appellant, and that it does not show probable cause for instituting and prosecuting the action. It is sufficient for us to say that the evidence upon both of these propositions is with the appellee. Appellant commenced a prosecution against appellee for larceny, by filing before a justice of the peace an affidavit charging him with such crime. Appellee was bound over, lodged in jail for a few days before he could secure bond, and was afterwards indicted. Appellant was the prosecuting witness, and the prosecution resulted in the acquittal and discharge of appellee. From the evidence the trial court could have found, and doubtless did find, that the prosecution was without probable cause; that it was malicious, and that the appellant did not disclose all the facts within his knowledge when he advised with the prosecuting attorney in regard to commencing the prosecution. In our judgment, the evidence abundantly sustains the finding and judgment.

The fourth reason for a new trial, which was that the damages were excessive, is not discussed by appellant, and is therefore waived.

The fourth and fifth specifications of the assignment of errors may be considered together. They are, that the court erred in overruling appellant's objection to the reading of the deposition of one Clara Weaver, and in permitting such

deposition to be read in evidence. The questions which appellant thus seeks to present cannot be raised by an assignment of error. If the court erred in its action in these matters, it was error occurring upon the trial, and to have such action reviewed on appeal, such errors should have been assigned as reasons for a new trial. They can not for the first time be presented by an assignment of error in this court.

Judgment affirmed.